UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

UNITED STATES OF AMERICA          CRIMINAL NO. 12-cr-00205(2)

VERSUS                            JUDGE FOOTE

MICHAEL PAUL BOYTER               MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Before the court is Defendant Michael Boyter's Motion to Reconsider Order Denying Motion To Amend Protective Order and for Ex Parte Hearing. Doc. 156. Defendant argues that this court erred in applying the Jones-Farmer rule. Defendant cites the Fifth Circuit panel decision in United States v. Holy Land Foundation, 445 F.3d 771 (5th Cir. 2006) for the propositions that Fed. R. Civ. P. 65 applies and Defendant is not required to make a preliminary showing before he is entitled to a hearing.

Defendant's citation to the panel decision in Holy Land is misplaced, given the Fifth Circuit's subsequent en banc decision in that same case which is reported at 493 F.3d 469 (5th Cir. 2007). In the en banc decision, the Fifth Circuit stated that, in determining whether to hold a hearing, a district court should consider the three factors set out in Mathews v. Eldridge, 424 U.S. 319 (1976): (1) the private interest that will be affected by the restraint; (2) the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and (3) the Government's interests, including the burdens that the hearing would entail. 493 F.3d at 475.

With regard to the first Eldridge factor – the private interest that will be affected by

the restraint – district courts, including district courts in the Fifth Circuit, have followed Jones-Farmer to determine whether the court should hold a hearing. In Jones, the court stated that a defendant must demonstrate to the court's satisfaction that he has no assets, other than those restrained, with which to retain private counsel or provide for himself and his family. Jones, 160 F.3d at 647. Furthermore, according to Jones, a defendant must make a prima facie showing of a bona fide reason to believe the grand jury erred in determining that the restrained assets constitute or are derived, directly or indirectly, from gross proceeds traceable to the commission of the offense. Id.

In the original Memorandum Order, Doc. 154, the court considered these factors and found that Defendant did not make the necessary showing. Specifically, the court found that Defendant failed to show he has no assets other than those subject to the protective order. In fact, the Government identified non-restrained assets of Defendant. Defendant also failed to show there is any reason to believe the grand jury erred in finding probable cause that the insurance policies were subject to forfeiture. See also, United States v. Roy, 2012 WL 16312821 (N.D. Tex. 2012)(citing cases in the Fifth Circuit applying the Jones-Farmer rule).

Defendant has not addressed the en banc Holy Land decision or the Eldridge factors, the careful consideration of which suggests that the original Memorandum Order is correct. Accordingly, Defendant's motion to reconsider is denied.

THUS DONE AND SIGNED at Shreveport, Louisiana, this 16th day of April, 2013.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE